## LAKE MONTICELLO SERVICE COMPANY

### V.

## BOARD OF SUPERVISORS OF FLUVANNA COUNTY AND THE STATE CORPORATION COMMISSION

Record No. 860600

March 6, 1987

Present: All the Justices

*Francis L. Buck (Buck, Hogshire & Gouldman, Ltd.,* on briefs), for appellant.
*Frederick W. Payne; Wayne N. Smith (St. John, Bowling, Payne & Lawrence,* on briefs), for appellees.

STEPHENSON, J., delivered the opinion of the Court.

In this appeal of right, Lake Monticello Service Company (Lake Monticello) challenges the dismissal of its application to correct an erroneous tax assessment. In dismissing the application, the State Corporation Commission (the Commission) ruled that Lake Monticello's claim was barred by the doctrine of collateral estoppel. The Commission found that the issues raised in the present case were identical to issues raised and decided in a previous case involving the same parties. The principal question in this appeal, therefore, is whether the Commission properly applied the doctrine of collateral estoppel.

Lake Monticello is a public service corporation certified by the Commission to provide water and sewer services to a resort subdivision in Fluvanna County (the County). The Commission assesses Lake Monticello's real and tangible personal property. Code §§ 58.1-2604 and -2633 (former Code §§ 58-512.1, -582, and -610). The assessments are reported to the County for the levy and collection of the taxes. Code § 58.1-2634 (former Code § 58-612).

In 1981, Lake Monticello filed an application with the Commission for correction of assessments of its property for the years 1978, 1979, 1980, and 1981 (the 1981 case). The County appeared in that proceeding as a protestant. After two full evidentiary hearings, the Commission, by an order entered July 6, 1983, denied the application and dismissed the case. Lake Monticello's appeal of the 1981 case to this Court was dismissed on procedural grounds.

In December 1984, Lake Monticello filed the present application to correct the assessment for the year 1984 (the 1984 case).[1] Lake Monticello's claim is set forth in paragraphs 12 and 13 of the 1984 application which, with insubstantial changes, contain language identical to paragraphs 18 and 19 of the 1981 application.

In the 1984 application, as in the 1981 application, Lake Monticello alleges that the Commission's assessment methodology violates Article X, § 2 of the Constitution of Virginia because the methodology produces assessments in excess of fair market value. More specifically, Lake Monticello claims that the Commission's use of the original cost of the plant less a depreciation factor (the cost-less-depreciation method) does not result in a fair market valuation. Lake Monticello argues that the Commission is required to review assessments in the light of available evidence of sales of comparable property.

The County, also the protestant in the present case, moved to dismiss the 1984 application on the ground that Lake Monticello was again raising the same issues that had been litigated and decided in the 1981 case. After receiving memoranda of law from both parties, the Commission dismissed Lake Monticello's 1984 application on the ground that it was barred by the doctrine of collateral estoppel.

---

[1] Lake Monticello's 1984 application also challenged the tax assessments for the years 1982 and 1983, but the Commission dismissed that portion of the application as untimely filed. Thus, we consider only the challenge to the 1984 assessment.

In its opinion dismissing the 1984 case, the Commission noted that in the 1981 case, it had considered and rejected Lake Monticello's contention that the cost-less-depreciation assessment method for public utilities was unconstitutional. The Commission said:

In [the 1984] application, . . . Lake Monticello again challenges the basic method of assessment. The Commission fully considered the identical arguments raised by the same party and found the assessment method proper under Virginia law. Lake Monticello sought review of that prior determination by the Supreme Court, but did not perfect its appeal. We see no reason for again considering the same arguments raised by this party.

█ Because the present proceeding challenges the 1984 assessment and the 1981 application involved assessments for other years, Lake Monticello's 1984 application does not constitute the *same cause of action. See Pembroke, Etc., Works* v. *Com.*, 145 Va. 644, 650-51, 134 S.E. 721, 722 (1926). Thus, the doctrine of *res judicata* does not apply. *See Bates* v. *Devers*, 214 Va. 667, 670-71, 202 S.E.2d 917, 920-21 (1974).

█ The kindred doctrine of collateral estoppel, however, bars subsequent litigation based upon a *collateral* and *different* cause of action. The doctrine precludes parties and their privies to a prior proceeding from relitigating *issues* in a subsequent proceeding that were previously litigated and essential to a valid and final judgment in the first case. *Id.* at 671, 202 S.E.2d at 921.

The crucial question in the present proceeding, therefore, is whether the issues in the 1984 and 1981 cases are identical.[2] Lake Monticello does not dispute that its allegations in the two applications, except for the years involved, are the same. Both applications allege that the Commission's cost-less-depreciation methodology for assessing public service corporations violates Article X, § 2 of the Constitution of Virginia. Lake Monticello contends here, as it did in the 1981 case, that the fair market value of its

---

[2] Lake Monticello first contends that identity of parties is lacking because its 1984 stockholders differ from its 1981 stockholders. We find no merit in this argument. A change in stockholders does not change the corporate entity. *See* Code § 13.1-627; *Norfolk So. R. Co.* v. *Greenwich Corp.*, 122 Va. 631, 635, 95 S.E. 389, 390 (1918).

property must be determined by utilizing the "market" or "comparable sales" methodology.

In the 1981 case, the Commission thoroughly evaluated Lake Monticello's evidence of purported comparable sales. The Commission, however, rejected the market data evidence, concluding that it was irrelevant and incompetent. Because Lake Monticello failed to present competent evidence of comparable sales, the Commission employed the cost-less-depreciation method. Relying on *N. and W. Ry. Co.* v. *Commonwealth*, 211 Va. 692, 179 S.E.2d 623 (1971), the Commission noted that in most instances the cost-less-depreciation approach is the only method available for assessing the property of public service corporations.

The record in the 1981 case clearly shows that Lake Monticello fully litigated the constitutionality of the cost-less-depreciation method of assessing its property. The record also shows that the Commission held, in accordance with our holding in *N. and W. Ry. Co.*, that the cost-less-depreciation method did not violate Article X, § 2 of the Virginia Constitution because competent evidence of comparable sales was unavailable. Thus, insofar as Lake Monticello's claim in the present case challenges the constitutionality of the cost-less-depreciation method, the Commission's decision in the 1981 case is conclusive and the claim is barred by the doctrine of collateral estoppel.

Our holding in *N. and W. Ry. Co.*, however, does not limit assessments of public service corporations to the cost-less-depreciation method. To the contrary, this method is employed only when competent market data is unavailable.

> The valuation and assessment of [public service corporation] properties under the fair market value standard of [Art. X, § 2] of the Constitution present a difficult problem because . . . [public service corporations] are seldom sold so there are no comparable sales available to the Commission to assist it in arriving at its valuations. *In the absence of such comparable sales, which would be the best and fairest standard for fixing fair market values*, it is necessary for the Commission to arrive at a judgment on fair market value of the [public service corporation] properties on the basis of the other indicia of fair market value available to it.

*N. and W. Ry. Co.*, 211 Va. at 697, 179 S.E.2d at 627 (emphasis added).

On brief before us, as well as before the Commission, Lake Monticello alleges that had it been afforded an evidentiary hearing, it could have presented new evidence of market transactions relevant to establishing the 1984 fair market value of its property. Indeed, if competent evidence of comparable sales is available, nothing in the Commission's holding in the 1981 case would preclude Lake Monticello from presenting this evidence. We hold, therefore, that the doctrine of collateral estoppel does not bar the presentation of new and relevant evidence of comparable sales that might affect valuations for the year 1984.

Accordingly, we will affirm the Commission's ruling that Lake Monticello is precluded from relitigating the constitutionality of the cost-less-depreciation method of assessment. However, because the Commission erred in refusing to afford Lake Monticello an evidentiary hearing relating to comparable sales, we will reverse the order of dismissal and remand the case for further proceedings consistent with the views expressed herein.

*Affirmed in part,*
*reversed in part,*
*and remanded.*