## CIRCUIT COURT OF LOUDOUN COUNTY

Michael D. Konopa et al.

v.

Loudoun County

May 24, 1990

Case No. (Chancery) 12616

By JUDGE THOMAS D. HORNE

Complainants seek in this case to have the Court declare that an eighty-five acre parcel of land belonging to them consists of nine separate and distinct lots. In a prior proceeding brought in this Court, █ these same complainants sought to have the Court declare that the identical parcel consisted of twelve separate and distinct lots. The foundation for their complaint in both cases is the partition of a certain tract, which included the eighty-five acre parcel, in the case of *Vincel v. Wine*, decided by this Court in 1848. They suggest that by reason of the partition, separate and distinct "lots" were created within the eighty-five acres and that the Zoning Administrator erred when he opined that the Complainant's property should be considered as one lot for purposes of applying the zoning and subdivision ordinances. In accord with this position, the Zoning Administrator had determined that the subject eighty-five acre tract could not be the subject of a boundary line adjustment under the county subdivision ordinance.

The case or controversy giving rise to the instant action, as well as the earlier action for declaratory

relief, stems from the opinion of the Zoning Administrator concerning the application of the land use ordinances of Loudoun County. As the Court observed in the earlier case, this is not an action by private parties over the status of title to the property (*cf.*, *Leake v. Casati*, 234 Va. 646 (1988)), nor is it an action to establish the boundaries of the tract(s) included within the eighty-five acre parcel.

After this Court earlier found that complainants, by their failure to timely appeal the decision of the Zoning Administrator, were barred from judicial review of that decision, the complainants initiated a new application with the county planning and zoning department for a boundary line adjustment connected with the identical eighty-five acre parcel. As a part of the review process of this application, a planning specialist with the Department of Planning and Zoning informed complainant's agent that the application could not be "officially accepted" for processing. As a result of this correspondence, the complainants noted an appeal to the County Board of Zoning Appeals. In response to that appeal, the Zoning Administrator wrote a letter to counsel for the complainant in which he restated the position of his office that but one legal lot of record existed as to the eighty-five acre tract, and further, he observed that the former zoning administrator's determination had been sustained by this Court as a result of complainant's failure to timely appeal such decision to the Board of Zoning Appeals.

Pursuant to the provisions of § 15.1-496.1, Code of Virginia, as amended:

> An appeal to the board [board of zoning appeals] may be taken by any person aggrieved . . . by any decision of the zoning administrator or from any order, requirement, decision or determination made by any other administrative officer in the administration or enforcement of this article or any ordinance adopted pursuant thereto . . . .

The issue of whether the County employee acting upon the application which was appealed by the complainants to the Board of Zoning Appeals was an "administrative

officer" within the contemplation of § 15.1-496.1, is an issue of fact which cannot be resolved on the instant Motion to Dismiss. However, the Court observes that to the extent the Zoning Administrator responded to the appeal and that such response of the zoning official relied upon a prior opinion of the Zoning Administrator, the appeal might be considered as having been timely filed.

Nevertheless, to the extent that the Board would be called upon to consider the issue raised by the letter of Mr. Detweiler, they would be bound by the same rules of collateral estoppel as would this Court. *Cosby v. Zoning Appeals Board*, 7 Va. Cir. 253, 255 (1985). Of the doctrine of collateral estoppel, the Supreme Court has stated:

> [the] doctrine . . . bars subsequent litigation based upon a *collateral* and *different* cause of action. The doctrine precludes parties and their privies to a prior proceeding from relitigating *issues* in subsequent proceedings that were previously litigated and essential to a valid and final judgment in the first case. *Lake Monticello Service Co. v. Board of Supervisors*, 233 Va. 111, 114 (1987) (citation omitted).

Because the instant action is predicated upon a different application, it constitutes a different cause of action and renders inapplicable to this cause the doctrine of *res judicata. Lake Monticello Services Co. v. Board of Supervisors, supra*, at 114. However, as the Court observed earlier, the issue which is central to this action for declaratory relief and of the earlier cause is the determination previously acted upon by the Zoning Administrator that the eighty-five acre parcel consists of but one record lot. Therefore, complainants are precluded from seeking a boundary line adjustment under § 1243.02 of the Subdivision Regulations of Loudoun County. All that has changed from the previous application is the number of lots which complainants seek to have this Court determine are contained within the eighty-five acres.

The reasons justifying the application of the doctrines of *res judicata* and collateral estoppel to judicial proceedings have as much significance to administrative decisions

made within the context of modern land use regulations. The Court believes this to be the clear legislative intent behind the strict timetable of compliance required of those aggrieved by the administrative process. Sections 15.1-496.1 and 15.1-497, Code of Virginia, 1950, as amended. Otherwise, our land use laws would fall hostage to delay, uncertainty, and caprice.

In the earlier action for declaratory relief, this Court found, *inter alia*, that:

> the complainants are barred from bringing the instant action as a result of their failure to timely appeal the decision of the Zoning Administrator to the Board of Zoning Appeals . . . .■

That decision must control the outcome of this case under the doctrine of collateral estoppel. It is necessary therefore that the Court refer this matter to the Board of Zoning Appeals, as the Board will be bound to follow the prior decision of the Zoning Administrator? This Court must answer that question in the negative. The Courts will not require a person to exhaust their administrative remedies where there is no remedy equal to the relief sought. *Board of Supervisors of James City County v. Rowe*, 216 Va. 128 (1975). It would then appear that if the relief sought cannot be obtained judicially or administratively by reason of the application of the doctrine of collateral estoppel, the Court should not put the parties to the burden of pursuing that administrative remedy. Therefore, the plea should be sustained by the trial court and the Bill dismissed.

Accordingly, the Court will grant the Motion of the County and dismiss the instant Bill, finding that the complainants are precluded by the doctrine of collateral estoppel from revisiting the issue of the Zoning Administrator's interpretation of the application of the subdivision and zoning ordinances based upon the information supplied to his department in connection with the application. This,

however, would not preclude the complainants from pursuing any other common law or statutory remedies concerning the status of the title or boundaries to the property. *See, Leake v. Casati, supra.*