Roman GROCHOWSKI, Plaintiff,

v.

COMMONWEALTH OF VIRGINIA,
et al., Defendants.

Civ. A. No. 89–0034–C.

United States District Court,
W.D. Virginia,
Charlottesville Division.

July 18, 1990.

J. Benjamin Dick, Charlottesville, Va., for plaintiff.

Fred Kozak, Asst. Atty. Gen., Richmond, Va., Jay Swett, Charlottesville, Va., for defendants.

## MEMORANDUM OPINION

MICHAEL, District Judge.

This action arose out of the arrest of the plaintiff, Roman A. Grochowski, by the defendant, Thomas S. DeWitt–Rickards. On August 25, 1987, Rickards arrested Grochowski for driving under the influence of alcohol, in violation of § 18.2–266 of the Code of Virginia. Rickards conducted field sobriety tests at the scene of the arrest and, under the authority of Va.Code § 18.2–268, transported Grochowski to the University of Virginia Police Department to administer a breathalyzer test. The resulting blood/alcohol content reading was .11, and subsequently a magistrate issued an arrest warrant.

After the General District Court for the City of Charlottesville convicted Grochowski of driving under the influence of alcohol, he appealed to the Circuit Court for the City of Charlottesville for a trial *de novo*. Prior to the trial, Grochowski moved to suppress the results of the breathalyzer test on the basis that his right to refuse the test was abridged and that the test was tainted and forcibly coerced. In deciding the motion, the circuit court judge had before him the testimony introduced in the general district court trial. He ruled that, as a matter of law, Grochowski had not

refused to take the test and thus the results were not inadmissible on that ground.

The jury in the circuit court convicted Grochowski of driving under the influence of alcohol. He then petitioned the Virginia Court of Appeals, which denied his petition. That court also denied Grochowski's petition for rehearing. Although Grochowski filed a notice of appeal to the Supreme Court of Virginia, he did not actually file an appeal.

Grochowski is now before this court and claims that Rickards violated his fourth, fifth, and fourteenth amendment rights during the course of the arrest. Grochowski also charges Rickards with violating 42 U.S.C. § 1983, alleging that he unconstitutionally applied the state statutory scheme for DUI offenses.

Rickards has moved to dismiss this action, asserting a lack of subject matter jurisdiction over plaintiff's claims and the plaintiff's failure to state a claim upon which the court can grant relief, under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), respectively. Both parties submitted briefs and presented oral argument on June 19, 1990. Having considered documents outside the pleadings, the court treats this motion as one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

■ The court first notes that if Grochowski is asking for a review of his state court criminal proceedings, this court clearly has no jurisdiction. A federal court cannot sit in appellate review of a final state court judgment. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16, 44 S.Ct. 149, 150, 68 L.Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 477, 483 n. 16, 103 S.Ct. 1303, 1312, 1315 n. 16, 75 L.Ed.2d 206 (1983). The plaintiff asserts that he is raising federal constitutional claims against the defendant and that he does not ask this court to review or set aside the conviction. A claim under 42 U.S.C. § 1983 which challenges the legality of police conduct does not necessarily involve reviewing the validity of a criminal conviction. *Haring v. Prosise*, 462 U.S. 306, 103 S.Ct. 2368, 76 L.Ed.2d 595

(1983). To the extent that the plaintiff's § 1983 claim does not call into question the validity of his state court conviction, the *Rooker–Feldman* doctrine does not prevent this court from having subject matter jurisdiction over his claims. The court does note, however, that it cannot appropriately award the injunctive relief which Grochowski seeks. If this court enjoined the enforcement of the sentence imposed by the state court, it would essentially rule that the conviction was improper, and *Feldman* prohibits such action.

Although this court does have proper jurisdiction over the plaintiff's claims, it must next examine whether Grochowski has stated a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). The defendant asserts that Grochowski's claims are not sufficient because they are collaterally estopped by the state courts' proceedings. Grochowski replies that he is raising federal constitutional claims and his § 1983 claim for the first time in this court.

■ The rules governing collateral estoppel in 42 U.S.C. § 1983 actions are clear. A state court judgment will preclude litigation of federal issues which the litigant could have raised in the state proceeding but did not if the state courts would give preclusive effect to the state court determination. *Migra v. Warren City School District*, 465 U.S. 75, 84–85, 104 S.Ct. 892, 897–898, 79 L.Ed.2d 56 (1984). The Virginia Supreme Court defines collateral estoppel to preclude issues "previously litigated and essential to a valid and final judgment in the first case." *Lake Monticello Service Co. v. Board of Supervisors of Fluvanna County*, 233 Va. 111, 114, 353 S.E.2d 767, 769 (1987) (citations omitted). In a § 1983 context, the United States Supreme Court has interpreted Virginia law as giving preclusive effect to a state court conviction only if the constitutional issue was actually litigated and necessarily determined in the state proceeding. *Haring*, 462 U.S. at 315, 103 S.Ct. at 2374. The Supreme Court noted in *Haring*, however, that if a motion to suppress evidence on constitutional grounds was considered at

the state level, a state court determination on that issue could have preclusive effect. *Id.* at 311 n. 2, 103 S.Ct. at 2372 n. 2.

■ In order to determine whether Grochowski's criminal conviction in the state courts collaterally estops him from bringing a § 1983 claim in federal court, the court must consider what issues of law and fact the state courts actually litigated or necessarily determined. To the extent that the state courts decided issues of fact or law which are related to Grochowski's federal claims, the doctrine of collateral estoppel would threaten his cause of action. The criminal conviction is dispositive of two factual issues, necessarily determined by the jury in its guilty verdict, which this court cannot ignore: that Grochowski was legally intoxicated and that he was driving an automobile. Neither of these issues of fact bar the plaintiff's claim that the defendant violated his constitutional rights.

The state courts also considered and determined an issue of law which does relate to Grochowski's present claims. By making a motion to suppress the breathalyzer test, the plaintiff raised the issue of the test's validity. Grochowski's assertion was that the officers did not administer the test in accordance with Va.Code § 18.2–268. When ruling on the motion, the circuit court judge had before him the transcript of the general district court proceeding, including the testimony of Grochowski and the officers involved in the arrest and administration of the test. Based on the officers' testimony denying that Grochowski had refused to take the test, the circuit court concluded, as a matter of law, that Grochowski "never refused to take the test." *Commonwealth v. Grochowski*, No. 88–26 (16th Cir.Ct.V.A.) (Letter opinion of Judge Herbert A. Pickford). Consequently, the test results were not inadmissible on the grounds that the test was invalid.

That Grochowski did not refuse the test is a legal issue which was essential to the circuit court's ruling on the motion to suppress.

The plaintiff claims that the circuit court denied the motion to suppress before it heard the officers' testimony corroborating his denial to take the breathalyzer test. For example, he points to the fact that during the circuit court trial the officers said Grochowski would not blow into the machine and that they had to hold him still while he took the test.

The court does not find that the denial of the motion, and the legal conclusions implicit therein, are any less valid given the testimony during the second trial. Although the officers' testimony might have been somewhat different in the circuit court, no substantial differences exist.[1] In addition, the plaintiff's motion to suppress included his assertions that he had refused the test, the test was forcibly coerced and tainted, and his right to refuse the test was abridged. This court finds no significant difference between the information before the circuit court on the motion to suppress and the subsequent testimony at the trial.

Even if a consequential disparity existed, and the denial of the suppression motion was improper, the Virginia Court of Appeals certainly had all the evidence before it in Grochowski's petition for appeal. In denying the petition, the appellate court stated that "The trial court did not err in finding that the appellant had not refused to take the breathalyzer test." Order of the Court of Appeals of Virginia, May 26, 1989. This court cannot ignore the state court's definitive ruling that Grochowski voluntarily took the breath test.

The improper administration of the test is at the heart of the plaintiff's claims in federal court.[2] Because this court must give credence to the state court's conclu-

1. The transcript from the general district court included the officers' statements that Grochowski never refused the test, a position they reasserted in the circuit court, and that Grochowski was uncooperative while taking the test, again consistent with their statements in the circuit court that he would not blow into the breathalyzer machine.

2. As Grochowski's counsel admitted at oral argument, the underlying basis for the plaintiff's constitutional and § 1983 claims is that his rights were ignored given the undue violence Rickards used at the police station in forcing him to take the test.

sion that Grochowski voluntarily took the test, the issue of force in the administration of the test is precluded.

In addition, the fact that the test was voluntary negates the claim that Rickards ignored Grochowski's constitutional rights while administering the test. The plaintiff did not specifically raise fourth, fifth, or fourteenth amendment claims in the state court proceedings. However, his present claims that Rickards violated his rights against self-incrimination and substantive due process hinge upon the administration of the breath test.

Although he correctly admits that blood alcohol level tests do not jeopardize a person's fifth amendment rights,[3] Grochowski maintains that his case falls into a possible exception the United States Supreme Court left open in *Schmerber* and mentioned again in *South Dakota v. Neville,* 459 U.S. 553, 103 S.Ct. 916, 74 L.Ed.2d 748 (1983).[4] Specifically, he claims that his case implicates due process concerns because Rickards used inappropriate force during the administration of a breath test, thus raising a question of whether the fifth amendment right applies. Once again, the state court's ruling that the officers did not force Grochowski to take the test collaterally estops this court from determining that Rickards used excessive force in administering the test.

The court draws the same conclusion about the plaintiff's fourth and fourteenth amendment due process claims. Under the applicable state statute, the defendant has a right to refuse the breath test and opt instead for a blood test. Va.Code § 18.2–268(C). In his motion to suppress in the state court proceedings, Grochowski argued that his refusal to take the test made the certificate inadmissible and that his

right to refuse the test must be enforced. He also argued that the test was tainted. By allowing the results of the test to be admitted into evidence, the state court necessarily determined that the officers complied with the state statutory scheme governing blood alcohol tests. Grochowski cannot relitigate the protection of his due process rights in federal court.

In a final attempt to circumvent the application of collateral estoppel, Grochowski refers to the Supreme Court's statement in *Allen* that if the state court demonstrated inability or unwillingness to protect federal rights in a § 1983 action, a state court conclusion will not be given preclusive effect. *Allen v. McCurry,* 449 U.S. 90, 101, 101 S.Ct. 411, 418, 66 L.Ed.2d 308 (1980). The ninth circuit decision with which the plaintiff compares his own case, *Robinson v. Ariyoshi,* 753 F.2d 1468 (9th Cir.1985), indeed allowed the federal court to hear constitutional arguments which the state courts failed to entertain. That case is easily distinguished, however, because the federal district court was asked "to make findings about constitutional claims which themselves were never decided by a state court, intertwined or otherwise." *Id.* at 1473. As discussed, the constitutional claims Grochowski raises have been essentially decided in the state court proceedings. Finally, this court finds plaintiff's contention that the Virginia state courts "demonstrated an inability to protect any constitutional rights obviously seeing no rise of the issue of a constitutional level" without merit. *See* Plaintiff's Brief in Opposition to Defendant's Thomas S. DeWitt–Rickards' Motion to Dismiss at 11. Both the motion to suppress and petition for appeal raised issues of due process and the defendant's use of excessive force.[5] Al-

---

**3.** *See Schmerber v. California,* 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966) (State-compelled blood alcohol test does not infringe upon the right against self-incrimination).

**4.** In *Neville,* the Court noted "*Schmerber* did caution that due process concerns could be involved if the police initiated physical violence while administering the test, refused to respect a reasonable request to undergo a different form of testing, or responded to resistance with

inappropriate force." *Neville,* 459 U.S. 553, 559 n. 9, 103 S.Ct. 916, 920 n. 9 (citing *Schmerber,* 384 U.S. at 760, n. 4, 86 S.Ct. at 1830, n. 4).

**5.** For example, in his petition for appeal, Grochowski claimed that "The police involved ... abridged [the accused's rights]", Petition For Appeal at 18, *Grochowski v. Commonwealth,* No. 1037–88–2 (Va.Ct.App.1989); that he "was forced and *compelled* to give as 'evidence' against himself a breath test ..." *Id.* at 20; and

though Grochowski did not label his objections "constitutional," the circuit court and the Virginia Court of Appeals, on sufficient evidence, concluded that Grochowski's rights had not been violated. The days of suspicion and distrust of a state court's capability to protect federal rights are long gone.[6] This court has no reason to believe that the Virginia judicial system did not fairly and competently adjudicate the relevant issues in this case.

Accordingly, the court finds that the state court criminal proceedings bar a hearing of Grochowski's claims. Rickards' motion for summary judgment is therefore granted.

that he "requested to be advised of his rights and to take a blood test. These were not afforded him and are substantive rights.... It is submitted a substantive right was violated as a matter of law." *Id.* at 36.

6. See *Allen v. McCurry,* 449 U.S. 90, 105, 101 S.Ct. 411, 420, 66 L.Ed.2d 308 (1980) (*citing Stone v. Powell,* 428 U.S. 465, 493–94 n. 35, 96 S.Ct. 3037, 3051–52 n. 35, 49 L.Ed.2d 1067 (1976)).