WILLIAM IVORY FAISON

V.

GAIL M. HUDSON, ADMINISTRATOR OF THE ESTATE
OF ULUS GRANT HUDSON, JR., DECEASED

Record No. 911133

April 17, 1992

Present: All the Justices

*Trent S. Kerns (Bradford T. Johnson; Kerns & Kastenbaum*, on briefs), for appellant.

*Larry A. Pochucha (Dennis W. Dohnal; Bremner, Baber & Janus*, on brief), for appellee.

JUSTICE STEPHENSON delivered the opinion of the Court. '

In this appeal, we determine whether the trial court erred in overruling the defendant's objection to venue and in sustaining the defendant's plea of *res judicata*.

## I

On June 4, 1990, William Ivory Faison filed a motion for judgment in the City of Richmond against Gail M. Hudson, administrator of the estate of her deceased husband, Ulus Grant Hudson, Jr. (the Administrator). On August 23, 1990, service of process was obtained on the Administrator. In his motion for judgment, Faison alleged that he sustained personal injuries and property damage which were proximately caused by Hudson's negligent operation of a motor vehicle.

On September 11, 1990, the Administrator filed an objection to venue and a motion to transfer the case to Henrico County. It was not until February 7, 1991, however, that the Administrator gave notice to Faison that a hearing on the venue objection and the motion to transfer was scheduled for March 11, 1991. In the meantime, at a docket call on September 17, 1990, the case was set for trial by jury on April 9, 1991. On March 11, 1991, following argument of counsel, the trial court overruled the Administrator's venue objection and denied the motion to transfer.

On March 28, 1991, the Administrator filed a plea of *res judicata*. By order entered April 29, 1991, the trial court sustained the plea and dismissed the case with prejudice. Faison appeals, claiming that the trial court erred in sustaining the plea of *res judicata*. The Administrator has assigned cross-error to the trial court's ruling on her venue objection and her motion to transfer.

The motor vehicle collision giving rise to the action in the present case also gave rise to a wrongful death action brought by the Administrator for Hudson's death. The wrongful death action was filed in Henrico County (the Henrico case). In the Henrico case, the Administrator alleged that Hudson's death was proximately caused by Faison's negligent operation of a motor vehicle. Following a jury trial on March 19 and 20, 1991, a verdict was returned in favor of the Administrator in the amount of $410,000. By order entered March 25, 1991, the Circuit Court of Henrico County entered judgment on the verdict. We awarded Faison an appeal in the Henrico case and decide today that the judgment should be reversed and the case remanded to the Circuit Court of Henrico County. *See Faison* v. *Hudson*, 243 Va. 397, 417 S.E.2d 305 (1992).

## II

We first consider whether, in the present case, the trial court erred in overruling the Administrator's venue objection and motion to transfer. The record establishes that the motor vehicle accident occurred in Henrico County, and the Administrator resides in the county. At the time of his death, the decedent resided and regularly conducted his business affairs, as an employee of the Henrico County school system, in the county.

■ During oral argument, the following exchange took place between the trial court and Faison's counsel:

THE COURT: There is no venue [in the City of Richmond], is that right?

[FAISON'S COUNSEL]: Judge, I think that there is. The decedent was Chairman of the United Way Campaign for his Henrico County area, from my understanding, and their offices were located at Fitzhugh Avenue at that time, which would be located in the City of Richmond.

This was Faison's sole basis for claiming that the City of Richmond was a proper venue.

In deciding the venue issue, we focus upon Code §§ 8.01-260, -262, -264, and -265. Code § 8.01-260, in pertinent part, provides that, except for certain actions not germane to the present case, "and subject to the provisions of §§ 8.01-264 and 8.01-265, the venue for any action shall be deemed proper only if laid in accordance with the provisions of . . . [§] 8.01-262."

■ Code § 8.01-262, in pertinent part, reads as follows:

In any actions to which this chapter applies except those actions enumerated in Category A where preferred venue is specified, one or more of the following counties or cities shall be permissible forums, such forums being sometimes referred to as "Category B" in this title:

1. Wherein the defendant resides or has his principal place of employment : . . . ;

. . .

3. Wherein the defendant regularly conducts affairs or business activity . . . ;

4. Wherein the cause of action, or any part thereof, arose;

. . . .

■ Code § 8.01-264(A), in pertinent part, states the following:

Venue laid in forums other than those designated by this chapter shall be subject to objection, but no action shall be dismissed solely on the basis of venue if there be a forum in the Commonwealth where venue is proper. In actions where venue is subject to objection, the action may nevertheless be tried where it is commenced, and the venue irregularity shall be deemed to have been waived unless the defendant objects to venue by motion filed, as to actions in circuit courts, within twenty-one days after service of process commencing the action, or within the period of any extension of time for filing responsive pleadings fixed by order of the court. . . . *Such motion* shall set forth where the defendant believes venue to be proper . . . and *shall be promptly heard by the court* upon reasonable notice by any party. . . . If such motion is sustained, the court shall order the venue transferred to a proper forum under the appropriate provisions of §§ 8.01-195.4, 8.01-260, 8.01-261 and 8.01-262 . . . .

(Emphasis added.)

At the time of the trial court's ruling, Code § 8.01-265, in pertinent part, provided as follows:

In addition to the provisions of § 8.01-264 and notwithstanding the provisions of §§ 8.01-195.4, 8.01-260, 8.01-261 and 8.01-262, the court wherein an action is commenced may, upon motion by any defendant and for good cause shown, transfer the action to any fair and convenient forum having jurisdiction within the Commonwealth, or *the court, on motion of a plaintiff and for good cause shown, may retain the action for trial.* . . . Good cause shall be deemed to include, but not to be limited to, the agreement of the parties or the avoidance of substantial inconvenience to the parties or the witnesses.

(Emphasis added.)

■ When Code § 8.01-262 is read in conjunction with Code § 8.01-260, the City of Richmond clearly is not a proper venue for trial of the present case. Consequently, had the transfer motion been presented to the court promptly, the provisions of Code §§ 8.01-260 and -262 would have required a transfer of the case to Henrico County.

■ Code § 8.01-264(A), however, states that a venue objection and transfer motion "shall be promptly heard by the court." The Administrator, being the moving party, had the burden of promptly bringing the matter to the trial court's attention, and she failed to do this. Indeed, she delayed bringing the matter to the court for approximately six months after the motion was filed. The motion was not heard until approximately one month before the scheduled trial.

The trial court recognized that it must decide whether it could retain the case "when there is no venue [in the City of Richmond]." Relying upon Code § 8.01-265, the trial court determined that "there is good cause . . . to retain this case, given the trial date that is coming up in a little more than a month." The trial court also opined that the Henrico case, "between the same parties [and] involving the same accident," might resolve the issues in the present case.

■ Whether to transfer or retain the case was a matter resting within the discretion of the trial court. *Norfolk and Western Rwy. Co.* v. *Williams*, 239 Va. 390, 393, 389 S.E.2d 714, 716 (1990). Under the circumstances presented, we think that good cause existed for retaining the case, and therefore, the trial court did not abuse its discretion in so ruling.

## III

■ Next, we consider whether the trial court erred in sustaining the Administrator's plea of *res judicata*. Faison contends that the trial court erred in sustaining the plea because the judgment in the Henrico case was not final. The Administrator, relying upon Rule 1:1, contends that, after the expiration of 21 days, the judgment was final, even though the time for perfecting an appeal had not expired and an appeal later was awarded by this Court.

The doctrine of *res judicata* or collateral estoppel

"proceeds upon the principle that one person shall not the second time litigate, with the same person . . . , precisely the same question, particular controversy, or issue, which has been necessarily tried and *finally determined*, upon the merits, by a court of competent jurisdiction, in a judgment *in personam* in a former suit."

*Ward* v. *Charlton*, 177 Va. 101, 115, 12 S.E.2d 791, 795-96 (1941) (quoting *United States* v. *California Bridge & Construction Co.*, 245 U.S. 337, 341 (1917)). (Emphasis added.) A judgment sought to be used as the basis for the application of the doctrine must be a final judgment. Authorities are divided, however, upon the question whether a judgment is final so as to support a plea of *res judicata* when an appeal from the judgment is pending or the time allowed for such an appeal has not expired. *See generally* E.H. Schopler, Annotation, *Judgment as res judicata pending appeal or motion for a new trial, or during the time allowed therefor*, 9 A.L.R.2d 984 (1950).

The chief objection to the rule that the pendency or possibility of an appeal prevents a judgment from operating as *res judicata* is that it enables the one against whom the judgment is entered to avoid its effect for a protracted period of time merely by taking an appeal. *Id.* at 987. The evil resulting from allowing a judgment to operate as *res judicata* during the pendency or possibility of an appeal is that the judgment operating as a bar ultimately may be reversed and, nonetheless, its use has led to the entry of another judgment which is final in all respects. *Id.*

■ Although we previously have not decided the precise question presented, we conclude that the better rule, which we now adopt, is that a judgment is not final for the purposes of *res judicata* or collateral estoppel when it is being appealed or when the time limits fixed for perfecting the appeal have not expired. In the present case, the judgment in the Henrico case was subject to an appeal when the trial court sustained the Administrator's plea of *res judicata*. Subsequently, that judgment was reversed, and the case was remanded for a new trial. *Faison*, 243 Va. at 407, 417 S.E.2d at 311. It would be manifestly unfair, therefore, to hold that a judgment which no longer is final could operate as a bar to the prosecution of the present case.

Accordingly, we will reverse the trial court's judgment and remand the case for further proceedings.*

*Reversed and remanded.*

---

* Both the present case and the Henrico case will be remanded. Consequently, to avoid the possibility of inconsistent decisions and in the interest of judicial economy, the trial court, in the exercise of its discretion, might transfer the present case to the Circuit Court of Henrico County. The present case also might be consolidated with the Henrico case.