ARKANSAS BEST FREIGHT SYSTEM, INC.

v.

H.H. MOORE, JR. TRUCKING COMPANY, INC.

Record No. 911670

September 18, 1992

Present: All the Justices

*Thomas C. Spencer (Spencer & Filson,* on brief), for appellant.
*Phillip V. Anderson (Gentry, Locke, Rakes & Moore,* on brief), for appellee.

JUSTICE STEPHENSON delivered the opinion of the Court.

The sole issue in this appeal is whether the trial court erred in its application of the doctrine of *res judicata.*

On January 22, 1982, H.H. Moore, Jr. Trucking Company, Inc. (H.H. Moore), which operates a long-distance trucking company, entered into a trip lease agreement with Arkansas Best Freight System, Inc. (Arkansas Best), a motor freight carrier licensed by the Interstate Commerce Commission. Pursuant to the trip lease, H.H. Moore agreed to provide Arkansas Best with a tractor trailer and driver; Arkansas Best agreed to assume primary responsibility to the public for the operation of the tractor trailer, as required by Interstate Commerce Commission regulations; and H.H. Moore agreed to indemnify Arkansas Best from any claims, demands, and judgments that might arise from the operation of the tractor trailer.

On January 23, 1982, an accident occurred in the State of West Virginia in which both H.H. Moore's driver, Calvin Mack Bailess, and a passenger, James Iverson Bryant, were killed. The Bryant estate brought a wrongful death action against the Bailess estate,

H.H. Moore, and Arkansas Best. Arkansas Best then filed a cross-claim against H.H. Moore, seeking indemnification under the trip lease for all amounts that Arkansas Best might be held liable to the Bryant estate.

While the wrongful death action was pending, Carolina Casualty Insurance Company (Carolina Casualty), H.H. Moore's liability insurance carrier, brought a declaratory judgment proceeding in the United States District Court for the Western District of Virginia against H.H. Moore, Arkansas Best, the Bryant estate, and two other insurance companies. Carolina Casualty requested a determination by the court of the rights and obligations of the parties and a declaration that Carolina Casualty had no obligation to any of the parties under the insurance policy it had issued to H.H. Moore. The wrongful death action was stayed pending the resolution of the declaratory judgment proceeding.

While both actions were pending, Arkansas Best settled the Bryant estate's wrongful death claims for $80,000 and paid the entire sum. H.H. Moore consented to the settlement.

In the declaratory judgment proceeding, the federal district court ruled that the indemnity provision in the trip lease was unenforceable. The district court also ruled that H.H. Moore's policy with Carolina Casualty did not provide coverage for liability which H.H. Moore assumed by contract.

Arkansas Best appealed the district court's decision to the United States Court of Appeals for the Fourth Circuit. The Court of Appeals affirmed the district court's judgment. In an unpublished opinion, the Court of Appeals noted that H.H. Moore's policy with Carolina Casualty expressly excluded coverage for ''liability assumed . . . under any contract or agreement.'' The Court of Appeals then stated that ''[o]n the basis of this clear exclusion, we agree with the ruling [of the district court].'' Finally, the Court of Appeals concluded its opinion saying, ''We decide no more than that Carolina [Casualty] is not liable under its policy as issued.''

Thereafter, in the wrongful death action, Arkansas Best filed a motion for summary judgment on its cross-claim against H.H. Moore, seeking indemnity under the trip lease for the $80,000 Arkansas Best had paid to the Bryant estate. H.H. Moore then filed a cross-motion for summary judgment on the ground that the cross-claim ''for indemnity [was] barred by the doctrine of *res judicata*.'' The trial court granted summary judgment in favor of H.H. Moore, concluding that Arkansas Best's claim for indemnity was barred by

the doctrine of *res judicata* because the claim had been litigated and decided adversely to Arkansas Best in the federal declaratory judgment action.

Arkansas Best contends that only one issue was adjudicated in the federal proceeding, *i.e.*, that Carolina Casualty was not liable under the policy it issued to H.H. Moore because the policy expressly excluded '' 'liability assumed . . . under any contract or agreement.' '' Arkansas Best asserts that the Court of Appeals did not pass upon the enforceability of the indemnity provision of the trip lease and expressly stated that it decided '' 'no more than that Carolina [Casualty] is not liable under its policy as issued.' ''

H.H. Moore contends that the district court specifically held that Arkansas Best could not seek indemnity against H.H. Moore because '' 'the indemnity provision is unenforceable.' '' H.H. Moore asserts that ''[w]hether the Court of Appeals considered the indemnity provision really does not matter. What is significant is that the Court of Appeals affirmed the District Court decision.''

■ The doctrine of *res judicata* stands for the proposition that one person shall not for a second time litigate, with the same person, the same issue, which has been previously tried and finally adjudicated upon the merits by a court of competent jurisdiction. *Faison* v. *Hudson*, 243 Va. 413, 418-19, 417 S.E.2d 302, 304 (1992). A judgment, to be relied upon for the application of the doctrine of *res judicata*, must be final, *id.* at 419, 417 S.E.2d at 304, and a judgment which is being appealed is not final for *res judicata* purposes, *id.*, 417 S.E.2d at 305.

■ We think it is highly significant that the Court of Appeals expressly limited its holding to the issue of Carolina Casualty's responsibility under its insurance policy. It is clear that the sole basis upon which the district court was affirmed was that of coverage under the policy. The final adjudication of the controversy was rendered by the Court of Appeals, not by the federal district court, and the appellate holding is clear:

> Carolina's policy with Moore, however, expressly excludes coverage for ''liability assumed . . . under any contract or agreement.'' On the basis of this clear exclusion, we agree with the ruling below.

. . . .

We decide no more than that Carolina is not liable under its policy as issued.

■ We hold, therefore, that there has not been a previous, final adjudication of Arkansas Best's indemnity claim against H.H. Moore. Consequently, the trial court erred in entering summary judgment in favor of H.H. Moore on the ground of *res judicata.*

Accordingly, the trial court's judgment will be reversed and the case remanded for further proceedings consistent with the views expressed herein.

*Reversed and remanded.*