## CIRCUIT COURT OF FAIRFAX COUNTY

FSP Limited Co.

v.

Capital Petroleum
and Supply, Inc., et al.

April 26, 1995

Case No. (Law) 133270

BY JUDGE STANLEY P. KLEIN

This matter is before the Court on the pleas of *res judicata* filed by Defendants Capital Petroleum & Supply, Inc., and Ashland Oil, Inc. After a hearing on this matter, the Court ordered the parties to file supplemental memoranda on the issue of the *res judicata* effect of a final order entered pursuant to a hearing to fix damages after default. The Court has considered these supplemental memoranda as well as the memoranda in support of, and in opposition to, each defendant's plea of *res judicata*.

### I. *Procedural History*

Prior to the filing of this action, defendant Capital filed a two count Motion for Judgment against plaintiff FSP Limited Co. alleging, in Count I, a debt due on a commercial account and, in Count II, breach of a promissory note. *Capital Petroleum and Supply, Inc. v. FSP Limited Co.*, Fairfax County, Law No. 128913. Ashland was never properly made a party to that lawsuit. On June 14, 1994, the Court entered an order granting Capital's Motion for Entry of Default Judgment, striking FSP's responsive pleadings and striking the counterclaim and third-party claims filed by FSP against Capital, Ashland, and Valvoline, Inc. *See* order of Judge Brown, dated June 14, 1994. A hearing was held to fix damages,

after which the Court entered a judgment order in favor of Capital, based only upon the breach of the promissory note. *See* order of Judge Jamborsky, dated June 24, 1994. FSP filed the present action on June 27, 1994, and on June 29, 1994, noticed an appeal to the Virginia Supreme Court in the prior case.

This Court first heard arguments on the defendants' pleas in bar on October 28, 1994. At that time the Court sustained some of the pleas and granted each defendant permission to withdraw other pleas based upon *res judicata,* without prejudice to re-filing, after the appeal in the prior case was decided. *See Faison v. Hudson,* 243 Va. 413 (1992). *Faison* stands for the principle that a judgment is not final for *res judicata* purposes when it is being appealed or when the time limit fixed for perfecting an appeal has not yet expired. *Id.* at 419. On January 10, 1995, the Virginia Supreme Court denied the plaintiff's petition for appeal and the defendants re-noticed their pleas of *res judicata.* Both defendants have argued that plaintiff's Amended and Second Amended Motions for Judgment herein[1] should be dismissed because the Judgment Order of June 24, 1994, precludes FSP from asserting the claims set forth in those pleadings. Additionally both defendants argue that the present action should be barred because the order entered June 14, 1994, struck FSP's Counterclaim and Third-Party claims which raised claims identical to those set forth in this suit. For the reasons hereinafter set forth, the pleas of *res judicata* of both Capital and Ashland are overruled.

## II. *The Doctrine of Res Judicata*

The doctrine of *res judicata* encompasses four preclusive effects which a final, personal judgment may have upon subsequent litigation. These are merger, direct estoppel, bar, and collateral estoppel. *Bates v. Devers,* 214 Va. 667, 670 (1974). The doctrine of *res judicata*-bar, or claim preclusion, stands for the principle that "[a] valid, personal judgment on the merits in favor of defendant bars relitigation of the *same cause of action,* or any part thereof which could have been litigated between the same parties and their privies." *Id.* at 670-71, *citing* Rest. of Judgments, §§ 47, 62, 83 (1942) (emphasis in original). Collateral estoppel, on the other hand, which is also known as *issue* preclusion, precludes the parties to the first action, and

---

[1] Plaintiff's Second Amended Motion for Judgment was filed as a supplement to the Amended Motion. The Second Amended Motion for Judgment replaces only those Counts against Capital.

their privies, from re-litigating any issue of fact which was actually litigated and which was essential to a valid and final personal judgment in the first action. *Id. citing* Rest. of Judgments, §§ 68, 82 (1942).

The doctrines of merger and direct estoppel are not applicable in this case. Merger occurs when a valid and final personal judgment for monetary damages is entered for the plaintiff. Plaintiff's original cause of action is merged into the judgment and is extinguished. Direct Estoppel arises when a defendant has won a judgment not on the merits. Although plaintiff's cause of action may survive the judgment, the parties are precluded in any subsequent action, based upon the same cause of action, from again litigating any issue which was in fact litigated in the prior case and determined by the judgment. *Bates*, 214 Va. at 671, n. 3.

### III. *The Res Judicata Bar*

A party asserting the bar of *res judicata* has the burden of proving the four elements of the doctrine by a preponderance of the evidence. *Id.* at 671. Those elements are (1) identity of remedies sought; (2) identify of the cause of action; (3) identity of the parties; and (4) identity of the quality of the persons for or against whom the claim is made. *Smith v. Ware*, 244 Va. 374, 376 (1992); *Wright v. Castles*, 232 Va. 218, 222 (1986).

Ashland's plea of *res judicata* must fail primarily because it has not established the necessary identity of parties. Ashland was not a party to the original suit between Capital and FSP, nor was sufficient evidence presented for this Court to determine that it is a "privy" of Capital for the purposes of the claims made in these lawsuits. *Dotson v. Harmon*, 232 Va. 402, 404-405 (1986) ("a party to the present suit, to be barred by the doctrine, must have been a party to the prior litigation, or represented by another so identified in interest with him that he represents the same legal right.").

Capital makes two principal arguments in support of its plea of *res judicata*: (1) that the claims made in this case are the same claims that FSP made in its counterclaim in the prior case; and (2) that the issue of overcharging alleged by FSP in this action could have been litigated in the prior action and therefore is barred. Although these arguments present somewhat closer questions, they too must fail.

By order entered June 14, 1994, Judge Brown ordered that FSP's "Grounds of Defense, Counterclaim and Third Party Claim be and the same is hereby stricken." In a subsequent letter opinion dated June 20, 1994, Judge Brown noted that FSP's pleadings had not been timely filed

and denied its Motion for Reconsideration. He further advised counsel that the striking of the counterclaim was necessary to end that case and that FSP could file its counterclaim as a separate suit.

Relying principally on the District Court's decision in *Timms v. Rosenblum*, 713 F. Supp. 948 (E.D. Va. 1989), Capital argues that when Judge Brown struck the counterclaim in the prior action, that cause of action was finally determined for *res judicata* purposes. *Timms* is inapposite. In *Timms*, the issue arose in the context of the striking of the claims *after* the conclusion of the presentation of the evidence, which was a ruling on the merits. Judge Brown's order striking the counterclaim and third party claims was merely ministerial, as they had not been timely filed.

In *Mechtensimer v. Wilson*, 246 Va. 121 (1993), the Supreme Court was presented with an appeal arising out of an adjudication of an amended motion for judgment which was not timely filed, but to which the defendant had filed responsive pleadings. Ruling that the plain language of Rule 1:8 of the Supreme Court Rules required that leave of court be obtained before filing an amended motion for judgment, the Supreme Court held that the amended motion for judgment had no "legal efficacy," and therefore the trial court never obtained jurisdiction to adjudicate its merits. *Id.* at 122.

Judge Brown's order granting default and his subsequent letter opinion are entirely consistent with this Supreme Court precedent. As neither the counterclaim nor the third party claims ever had any "legal efficacy" in the prior action, Judge Brown had no discretion but to strike those pleadings for lack of jurisdiction. As the court never obtained jurisdiction over the claims set out in those pleadings, the ministerial striking of them cannot form a basis for invoking the bar of *res judicata*.

Capital's second argument is equally unavailing. The second element of *res judicata* is the identity of the cause of action. Capital correctly states that the bar of *res judicata* precludes litigation of the same cause of action, or any part thereof which *could* have been litigated in the prior action. In the prior action between Capital and FSP, Capital litigated to judgment only its cause of action based upon FSP's breach of its promissory note to Capital. The causes of action which Capital seeks to bar in the present action arise out of alleged breaches of contracts between Capital and R.S.Q. Associates, Inc., an alleged predecessor in interest to FSP. These are clearly separate causes of action. Capital's argument that FSP *could* have raised as a defense in the prior case, the *issue* of the alleged overcharging, which forms the basis of FSP's present claims against it is mis-

placed. Even assuming that the issue could have been raised,[2] the Supreme Court has defined "could have been litigated" in the *res judicata* context very narrowly. In a footnote to its opinion in *Bates v. Devers*, the Supreme Court noted that this language was not intended to relate to "an unrelated claim which might permissibly have been joined, but to a claim which if tried separately would constitute claim splitting" (citations omitted). *Id.* at 670, n. 4. *See also Flora, Flora and Montague, Inc. v. Saunders*, 235 Va. 306, 310-11 (1988); *Brown v. Haley*, 233 Va. 210, 215-216 (1987). Contrary to the Federal Rules of Civil Procedure, the Rules of the Supreme Court of Virginia do not contain compulsory counterclaims. Whether claims are part of a single cause of action is determined by whether the same evidence is necessary to prove each claim. *Id.* at 216. The evidence necessary to prove a breach of FSP's promissory note to Capital is clearly separate and distinct from the evidence required to prove Capital's alleged breach of its contracts with R.S.Q. Capital has failed to prove the identity of the causes of action involved and therefore its plea of *res judicata* must be overruled.

Capital's reliance on *Reid v. Ayscue*, 246 Va. 454 (1993), is also misplaced. In relying on *Reid*, Capital confuses *claim* preclusion in *res judicata* with *issue* preclusion in collateral estoppel. *See Bates v. Devers*, at 670-671. The bar of collateral estoppel prevents parties and their privies from litigating any issue of fact which was *actually litigated* in the first action and which was essential to a valid and final personal judgment in the first case. *Id.* As the issue of the alleged over-charging was not actually litigated in the prior action, collateral estoppel does not apply.

## IV. *Conclusion*

For the reasons set out above, the pleas of *res judicata* filed by Capital and Ashland are overruled.

---

[2] The Court invited counsel to supply it with authority to support the proposition that in defending a claim for a breach of its promissory note to another, a party would be able to defend on the basis of its status as a successor in interest to contracts, under which it or its predecessor was allegedly overcharged. Counsel for Capital could supply no such authority, and this Court does not believe that such a defense could have been presented.