COURT OF APPEALS OF VIRGINIA


Present: Judges Baker, Elder and Fitzpatrick


JOHN TAYLOR BROWN
                                      MEMORANDUM OPINION[*]
v.        Record No. 1978-95-4            PER CURIAM
                                        APRIL 9, 1996
VIRGINIA SUE ANDERSON BROWN


              FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                     Gerald Bruce Lee, Judge

            (Brian M. McCormack; Dunn, McCormack,
            MacPherson & Orfe, on briefs), for appellant.

            (Beverly J. Bach; Marcia F. Ruff; Shoun &
            Bach, P.C. on brief), for appellee.


     John T. Brown (husband) appeals the decision of the circuit

court denying his motion to reduce spousal support payments to

Virginia Sue A. Brown (wife). Husband frames his issue on appeal

as follows: "If a motion is filed requesting relief based on

events which have not yet occurred, does the dismissal of the

premature motion have a res judicata effect?" Upon reviewing the

record and briefs of the parties, we conclude that this appeal is

without merit. Accordingly, we summarily affirm the decision of

the trial court. Rule 5A:27.

            Under familiar principles we view [the]
            evidence and all reasonable inferences in the
            light most favorable to the prevailing party
            below. Where, as here, the court hears the
            evidence ore tenus, its finding is entitled
            to great weight and will not be disturbed on
            appeal unless plainly wrong or without
            evidence to support it.

_____
      [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Martin v. Pittsylvania County Dep't of Social Servs., 3 Va. App. 15, 20, 348 S.E.2d 13, 16 (1986).

Husband filed a motion to reduce spousal support, based upon his retirement. The court held a hearing on husband's motion. Husband admitted that he voluntarily retired and that he had additional income from other assets. Husband presented no evidence of the circumstances existing prior to his retirement. The trial court granted wife's motion to strike, and husband did not appeal that order.

Husband subsequently filed an amended motion, raising the identical issue. The trial court granted wife's motion to deny husband's amended motion on the grounds of res judicata, stating that

> the amended motion does not state any new grounds that were not presented to the Court on February 9. We have the identity of parties; the identity of issues. And there was a hearing on the merits on this matter, albeit the motion was resolved against the [husband], where the motion to strike was granted.

The doctrine of res judicata prevents husband from relitigating the same issue necessarily tried and finally determined by the trial court in its ruling on his first motion to reduce spousal support. See Faison v. Hudson, 243 Va. 413, 418-19, 417 S.E.2d 302, 304-05 (1992); Hiner v. Hadeed, 15 Va. App. 575, 580, 425 S.E.2d 811, 814 (1993). Husband raised no new issue in his amended motion. Husband's characterization of the motion as "premature" does not accurately reflect the fact that

husband's evidence at the February 9, 1995 hearing was based upon the fact of his actual retirement.

Accordingly, the decision of the circuit court is summarily affirmed.

<u>Affirmed.</u>