## CIRCUIT COURT OF FAIRFAX COUNTY

Edwin Rector, Trustee,
Edwin Rector, 1995
Charitable Remainder Trust

    v.

Approved Financial Corp.

March 26, 1999

Case No. (Law) 171739

BY JUDGE KATHLEEN H. MACKAY

On May 18, 1998, Edwin Rector filed a Motion for Judgment in the Circuit Court for Fairfax County against Approved Financial Corporation ("AFC"). In Rector's Motion for Judgment, he alleged breach of contract of a share purchase agreement by AFC. Rector and AFC entered into the Share Purchase Agreement on or about December 19, 1995, wherein AFC agreed to purchase from Rector and Rector agreed to sell all of his stock (87.32% of the outstanding shares) in First Security Federal Savings Bank, Inc. Before settlement of the Agreement, Rector assigned his rights under the Agreement to the Edwin Rector 1995 Charitable Trust and transferred his shares in the Bank to the trust.

AFC's registered agent located in Norfolk, Virginia, was served with the Motion for Judgment on June 1, 1998. On July 10, 1998, after receiving an extension of time from Rector to file responsive pleadings, AFC filed a counterclaim alleging that Rector breached the reserve agreements entered into in September 1996. On that date, AFC also filed its Objection to and Motion to Transfer Venue requesting that this case be transferred to the Circuit Court for the City of Virginia Beach. It was not until February 1, 1999, however, that AFC gave notice to Rector that a hearing on the Objection to and Motion to

Transfer Venue was scheduled for February 12, 1999. Upon agreement of counsel, this hearing was continued to February 26, 1999. At the time of the hearing, this case had not yet been set for trial. Following argument of counsel at the February 26, 1999, hearing, the parties were sent to the calendar control judge to obtain a trial date which was set for October 18, 1999. A Settlement Conference was scheduled for September 21, 1999.

After reading the submitted briefs and hearing oral arguments on February 26, 1999, this Court took the Objection to and Motion to Transfer Venue under advisement. This Court must determine where venue in this action is most appropriate, either in Fairfax County or the City of Virginia Beach.

In determining venue, this Court must focus on Virginia Code §§ 8.01-260, 8.01-262, 8.01-264, and 8.01-265. Pursuant to § 8.01-260, except for certain actions not applicable to this case, "and subject to the provisions of §§ 8.01-264 and 8.01-265, venue for any action shall be deemed proper only if laid in accordance with the provisions of §§ 8.01-261 and 8.01-262." Section 8.01-261 enumerates grounds for preferred venue commonly referred to as Category A venue. Neither party relies on any portion of § 8.01-261 for preferred venue, and the Court does not find any portion of that statute relevant to this case. Therefore, if venue for a certain action does not fall within a preferred category, venue will be deemed proper in any permissible forum as enumerated in the ten subcategories of § 8.01-262. In pertinent part, venue may be:

(1) wherein the defendant resides or has his principal place of employment or, if the defendant is a corporation, wherein its mayor, rector, president, or other chief officer resides;

(2) wherein the defendant has a registered office, has appointed an agent to receive process, or such agent has been appointed by operation of the law; or in the case of withdrawal from this Commonwealth by such defendant, wherein venue herein was proper at the time of such withdrawal;

(3) wherein the defendant regularly conducts affairs or business activity, or in the case of withdrawal from this Commonwealth by such defendant, wherein venue herein was proper at the time of such withdrawal;

(4) wherein the cause of action, or any part thereof, arose.

Plaintiff asserts that venue is proper in Fairfax County under § 8.01-262(4) which allows venue in the forum "wherein the cause of action, or any part thereof, arose." In contract cases, the matter arises where the contract is made or where any breach takes place. *See Coal Corp. v. Railroad Co.*, 196 Va. 590, 593 (1955). In Mr. Rector's affidavit, he states that the contract was negotiated in Fairfax County, signed by Mr. Rector in Fairfax County, and the

errant audit which breaches the contract was performed in Fairfax County. In addition, Rector claims that after the acquisition of First Security Federal Savings Bank, AFC continued to operate the Bank in Annandale for approximately four to five months. Finally, the Rector trust has suffered the brunt of the harm from the alleged breach of contract, and that trust is located in northern Virginia. *See, Edwin Rector Affidavit of February 19, 1999.* Thus, according to the Plaintiff, venue is proper in Fairfax County.

Defendant AFC has objected to permissible venue in Fairfax County and has supplied its own facts supporting permissible venue pursuant primarily to § 8.01-262(3) in the Circuit Court of the City of Virginia Beach. For example, Mr. Eric Yeakel, treasurer and chief financial officer of AFC, states in an affidavit that after Mr. Rector signed the Share Purchase Agreement, he sent the Agreement from Annandale to Virginia Beach where AFC accepted and signed the Agreement. In addition, Mr. Yeakel claims that the closing on the Share Purchase Agreement took place in Virginia Beach where the two additional Reserve Agreements were executed by all parties. Mr. Yeakel also claims, in contrast to Mr. Rector's sworn statement, that Coopers and Lybrand (now Price Waterhouse Coopers) performed the audit from their offices in Virginia Beach. Finally, Mr. Yeakel explains that after AFC's purchase of the majority of shares in First Security Federal Savings Bank, the bank was moved to Virginia Beach and that all bank records and employees are now located in Virginia Beach. Thus, all pertinent witnesses from AFC, Coopers and Lybrand, and the former First Security Federal Savings Bank are located in Virginia Beach. *See Eric Yeakel Affidavit of February 25, 1999.*

But for the delay in filing its motion to transfer, Defendant makes a compelling case. This Court must consider the procedural aspects associated with a motion to transfer venue.

Pursuant to § 8.01-264, as argued by Plaintiff, AFC may be procedurally barred from pursuing its motion to transfer venue at this time. Code § 8.01-264 states:

> Venue laid in forums other than those designated by this chapter shall be subject to objection, but no action shall be dismissed solely on the basis of venue if there be a forum in the Commonwealth where venue is proper. In actions where venue is subject to objection, the action may nevertheless be tried where it is commenced, and the venue irregularity shall be deemed to have been waived unless the defendant objects to venue by motion filed, as to actions in circuit courts, within twenty-one days after service of process commencing the action, or

within the period of any extension of time for filing responsive pleadings fixed by order of the court ... . Such motion shall set forth where the defendant believes venue to be proper, may be in writing, and shall be promptly heard by the court upon reasonable notice by any party ... .

In *Faison v. Hudson*, 243 Va. 413, 418 (1992), the Supreme Court of Virginia noted that a delay of six months by the moving party in bringing a motion to transfer venue to the trial court for a hearing a month before trial was too long a delay. Therefore, the trial court's decision to retain venue, even though factually venue was appropriate elsewhere, was justified. The Virginia Supreme Court noted that "[w]hether to transfer or retain the case was a matter resting within the discretion of the trial court. *Norfolk and Western Ry. Co. v. Williams*, 239 Va. 390, 393 (1990). Under the circumstances presented, we think that good cause existed for retaining the case, and therefore, the trial court did not abuse its discretion in so ruling." *Faison*, 243 Va. at 418.

In this case, Plaintiff points out that defendant AFC filed its motion on July 10, 1998, but did not notice it for a hearing until February 1999. This is a delay of almost seven months. AFC, the moving party, had the burden pursuant to § 8.01-264 to bring its venue objection to this Court's attention. Clearly, this is a delay of a significant magnitude and is the determining factor with respect to the motion to transfer. Following the procedural parameters of § 8.01-264 as applied by the Supreme Court in *Faison*, this Court deems the motion to transfer venue untimely and rules that the motion is to be denied. This case is to proceed in the Circuit Court of Fairfax County.