# CIRCUIT COURT OF FAIRFAX COUNTY

In re Estate of
Betty Jo George

July 26, 1999

Case No. (Fiduciary) 34512

BY JUDGE R. TERRENCE NEY

This matter came before me upon Respondent Mona Coupe's Motion for Reconsideration of my ruling of June 11, 1999. For the reasons stated herein, the Motion for Reconsideration is denied.

On June 11, 1999, the parties appeared before me on the motion of the Petitioners, Mark S. George, Richard C. George, and Linda G. Fawley, to appoint an administrator for the estate of their mother, Betty Jo George, pursuant to Virginia Code § 64.1-116. After hearing argument, I granted the motion for appointment of an administrator and directed counsel for the Petitioners and for the Respondent to attempt to agree to the appointment of an independent attorney as the administrator. If counsel were unable to agree, then the Court would select an attorney to serve as administrator of this estate.

Ms. Coupe argues that this petition is barred by the doctrines of laches, collateral estoppel, and *res judicata*. Ms. Coupe relies on a ruling made by the Honorable Jane Marum Roush in the case of *Mark George et al. v. Mona Coupe*, Chancery No. 155311, in which Judge Roush granted Ms. Coupe's plea of laches. In that case, the Petitioners asserted that Ms. Coupe acted as the executrix of the estate of Betty Jo George and failed to follow the requirements of Ms. George's will. Petitioners endeavored to hold Ms. Coupe accountable for her actions as the executrix of the estate of Betty Jo George. Currently, that case is on appeal to the Supreme Court of Virginia.

Here, Petitioners are not requesting any relief from Ms. Coupe, nor are they asserting any claims against her. Petitioners state they desire to have the estate of Betty Jo George administered properly and seek the appointment of an administrator to effect the wishes of Betty Jo George. Further, the doctrines of collateral estoppel and *res judicata* apply only to final judgments. *Faison*

*v. Hudson*, 243 Va. 413, 419, 417 S.E.2d 302, 308 (1992). As a result, even if collateral estoppel and *res judicata* were applicable here, and I do not believe they are because Chancery No. 155311 currently is on appeal to the Supreme Court of Virginia, the doctrines of collateral estoppel and *res judicata* do not yet come into consideration.

I also find that the doctrine of laches is inapplicable to this matter. Laches is "the neglect or failure to assert a known right or claim for an unexplained period of time under circumstances prejudicial to the adverse party." *Stewart v. Lady*, 251 Va. 106, 113, 465 S.E.2d 782, 789 (1996). Consequently, Ms. Coupe must be deemed an "adverse party" in order to assert a defense of laches in this case. As previously stated, Petitioners do not seek any relief from Ms. Coupe. Rather, Petitioners only wish to have an administrator appointed to execute the will of Betty Jo George. Thus, Ms. Coupe is not an adverse party and cannot assert the defense of laches in this case.

For the following reasons, Ms. Coupe's Motion for Reconsideration is denied.