# CIRCUIT COURT OF FAIRFAX COUNTY

Adbul Al-Majid

v.

Skyline House
Unit Owners Assn.,
Inc., et al.

February 14, 2000

Case No. (Chancery) 162870

BY JUDGE M. LANGHORNE KEITH

This matter came on for a hearing on Friday, February 4, 2000, on the Defendants' Plea in Bar of *res judicata* and collateral estoppel. The Defendants also made a Motion to Deem Requests for Admissions as Admitted, and the Plaintiff countered with a Motion for Enlargement of Time. At the conclusion of the hearing, I took the matters under advisement. For the reasons set forth below, I now overrule the Plea in Bar. I also rule that the Defendants' Motion to Deem Requests for Admissions as Admitted is granted, except for numbers 1, 8, and 9. As to Request numbers 1, 8, and 9, the Plaintiff's Motion for Enlargement of Time is granted; the Answers to Request numbers 1, 8, and 9, shall be deemed to have been timely filed.

Skyline House Unit Owners Association ("Skyline") is a condominium owners' association based in Falls Church, Virginia. Skyline filed a Warrant in Debt[1] in Fairfax County General District Court on February 13, 1998, seeking to recover $4,252.00 in unpaid assessments. The Warrant in Debt named an "Abdul Al-Fadl" as the defendant. On March 30, 1998, judgment was entered against Abdul Al-Fadl in the amount of $4,252.00, plus interest and costs. Although the record is not clear, it appears that this was a default judgment. If Al-Fadl had appeared at any prior proceeding, his identity,

---

[1]  Case No. 98-4874.

especially *vis à vis* Al-Majid, would not have been in dispute in subsequent proceedings.

Skyline House subsequently issued a Suggestion for Summons in Garnishment against Abdul Al-Fadl on December 15, 1998. On January 27, 1999, the Garnishee, First Union Bank, responded to the Summons in Garnishment via letter to the clerk's office of the General District Court, stating that $5,724.68 was being held from the account of an "Abdul R. Al-Majid" in reference to "Case No. 98-4874."

On February 3, 1999, a garnishment hearing was held in General District Court. At that hearing, the plaintiff in this case, Abdul Al-Majid, appeared and attempted to argue before the Court that the funds being garnished by First Union Bank actually belonged to him, and not Abdul Al-Fadl. As will be discussed, *infra*, it is not clear what testimony was taken or what evidence was presented at this hearing. At the conclusion of the hearing, the Judge made a handwritten notation on the Garnishment Disposition form below the typewritten name of the nominal defendant, Abdul Al-Fadl: "a/k/a Abdul Kader Al-Majid." An Order for Payment was entered on February 4, 2000, directing the garnishee, First Union Bank, to pay Skyline House the sum of $5,724.68.

On September 23, 1999, Abdul Al-Majid filed a Bill of Complaint for negligence, wrongful detention, detinue, and unjust enrichment, naming Skyline House, Inquisitor Investigations, Inc., Khalil Khatib, and Abdul Kader Al-Fadl as defendants. Inquisitor Investigations is a debt collection agency which allegedly provided false information to Skyline House. Khalil Khatib is alleged to be the real estate agent who handled the condominium purchases at Skyline House for both Abdul Al-Majid and Abdul Al-Fadl. The basic allegation of Al-Majid's Bill of Complaint is that his social security number somehow got mixed up with Al-Fadl's and that, as a result, Al-Majid's bank account was mistakenly or wrongfully garnished to pay the arrearages of Al-Fadl. On January 10, 2000, Skyline House filed a Plea in Bar of *res judicata* and collateral estoppel, claiming that the issue of Abdul Al-Majid's identity *vis à vis* Abdul Al-Fadl had already been determined, such that Al-Majid and Al-Fadl were "the same person," and thus that this issue cannot now be relitigated by Al-Majid.[2] Al-Majid opposed the Plea in Bar, on the grounds

---

[2] Inquisitor Investigations did not appear at the February 4th hearing but had "adopted" Skyline House's Memorandum "in full." However, Inquisitor was not a party to the prior proceedings, and therefore is not entitled to claim either *res judicata* or collateral estoppel.

that he was not a party to the prior litigation and therefore, *res judicata* and collateral estoppel could not apply to him.

The Supreme Court of Virginia has summarized *res judicata* thusly:

> The doctrine of res judicata stands for the proposition that one person shall not for a second time litigate, with the same person, the same issue, which has previously been tried and adjudicated upon the merits by a court of competent jurisdiction.

*Arkansas Best Freight System v. H. H. Moore, Jr., Trucking Co.*, 244 Va. 304, 307, 421 S.E.2d 197 (1992).

The Supreme Court of Virginia has also ruled that:

> Four elements must be present before *res judicata* can be asserted to bar a subsequent proceeding: (1) identity of the remedies sought; (2) identity of the cause of action; (3) identity of the parties; and (4) identity of the quality of persons for or against whom the claim is made.

*Smith v. Ware*, 244 Va. 374, 376, 421 S.E.2d 444 (1992), *quoting Wright v. Castles*, 232 Va. 218, 222, 349 S.E.2d 125 (1986).

Skyline asserts that Al-Majid's "entire case is based upon his claim that he and Mr. Al-Fadl are not the same person," but that "the issue of the identity or identities of Abdul Al-Majid and Abdul Al-Fadl were at issue as part of the garnishment proceedings...." Skyline further asserts that "the [General District] Court decided this factual issue on the merits and determined Mr. Al-Majid to be the same person as Mr. Al-Fadl." Skyline makes much of the fact that the General District Court judge made a handwritten notation on the Garnishment Disposition form, below the typed name of Abdul Kader Al-Fadl, of "a/k/a Abdul Kader Al-Majid." However, the Court is of the opinion that such a notation is not conclusive enough to rise to the level of *res judicata*. At best, the notation is ambiguous and does not conclusively establish that Al-Majid is "the same person" as Al-Fadl. Furthermore, the Court is not convinced that Al-Majid was a "party" to the garnishment action in General District Court, merely because his bank account was garnished. He was not named as a defendant in the original Warrant in Debt and it does not appear that he was ever served with process. He merely appeared at the garnishment hearing, after he had learned that his bank account was being garnished. For all of the reasons stated *supra*, I overrule Skyline's (and Inquisitor Investigations') Plea in Bar of *res judicata*.

As for collateral estoppel, also known as issue preclusion, the Supreme Court of Virginia has described it as a "kindred doctrine" of *res judicata*, which:

> bars subsequent litigation based upon a *collateral* and *different* cause of action. The doctrine precludes parties and their privies to a prior proceeding from relitigating *issues* in a subsequent proceeding that were previously litigated and essential to a valid and final judgment on the merits.

*Lake Monticello Service Co. v. Board of Supervisors*, 233 Va. 111, 114, 353 S.E.2d 767 (1987), *citing Bates v. Devers*, 214 Va. 667, 670-71, 202 S.E.2d 917 (1974). (emphasis in original).

The Supreme Court of Virginia has also made it clear that, for collateral estoppel to apply, the claim must have been actually litigated in the prior case. *TransDulles Center, Inc. v. Sharma*, 252 Va. 20, 22, 472 S.E.2d 274 (1996). This Court cannot conclude, from the record, that the issue of Al-Majid's identity *vis à vis* Al-Fadl was "actually litigated" at the garnishment hearing in General District Court. Both sides offered testimony as to what transpired at the garnishment hearing, but the testimony and evidence was in conflict and thus inconclusive. The record from the General District Court is similarly ambiguous, and therefore insufficient to invoke collateral estoppel. Therefore, it is the Court's opinion that, just as the handwritten notation "a/k/a Abdul Al-Majid" does not rise to the level of *res judicata*, neither does the record from and evidence taken regarding the garnishment hearing suffice to satisfy the requirements for collateral estoppel. I therefore overrule Skyline's (and Inquisitor Investigation's) Plea in Bar of collateral estoppel.

As for Skyline's Motion to Deem Requests for Admission as admitted, I grant the Motion except for numbers 1, 8, and 9. As to numbers 1, 8, and 9, the Plaintiff's Motion for Enlargement of Time is granted; the Answers filed with the Court on February 3, 2000, shall be deemed to have been timely filed.