**CIRCUIT COURT OF FAIRFAX COUNTY**

Guy Sponaugle

    v.

Grace C. Rutledge et al.

May 30, 2001

Case No. (Law) 183772

BY JUDGE STANLEY P. KLEIN

This matter comes before the court on Defendant Grace Rutledge's Motion for a Transfer in Venue or in the Alternative Transfer to a More Convenient Forum. Rutledge contends that Fairfax County is not an appropriate venue pursuant to Virginia Code §§ 8.01-257, *et seq*. Plaintiff, Guy Sponaugle, responds, *inter alia*,[1] that at least one of the causes of action set out in his Motion for Judgment arose, in whole or in part, in Fairfax County, and this jurisdiction is therefore a permissible forum for this lawsuit. For the reasons that follow, Rutledge's motion to transfer venue is denied.

I. *Background*

Rutledge was previously married to plaintiff's former neighbor, Preston Rutledge. After acrimonious custody and divorce proceedings, the Rutledges divorced on January 7, 1997. Rutledge was granted physical custody of the Rutledge children with visitation rights reserved to Mr. Rutledge. According

---

[1] Sponaugle also argues that venue was proper against a former co-defendant against whom the case was dismissed before service was effected on Rutledge, and, therefore, pursuant to Virginia Code § 8.01-263, venue properly lies in Fairfax County. In light of the analysis herein, this court need not decide that issue.

4

to the Motion for Judgment herein, Rutledge has, since May of 1996, filed multiple sexual abuse charges against her husband alleging that he has repeatedly sexually abused their children. Each of these charges was determined to be unfounded. Nonetheless, on or about December 18, 1997, Rutledge filed a complaint with the National Center for Missing and Exploited Children (NCMEC) alleging that her former husband and plaintiff Guy Sponaugle were sexually abusing the Rutledge children, as well as other children, and were leading an international child pornography ring. NCMEC disseminated Rutledge's allegations against Sponaugle to, among others, the Fairfax County Police Department. Sponaugle subsequently learned of Rutledge's report to NCMEC and of NCMEC's report to the Fairfax County Police Department.

On October 12, 1999, Sponaugle filed the pending Motion for Judgment in this court against Rutledge, NCMEC, and Grace M. Coppola alleging: (1) defamation (count I); (2) intentional infliction of emotional distress (count II); and negligence (count III). Grace M. Coppola has never been served with this lawsuit and NCMEC was dismissed from the case by order entered December 6, 1999. In an Agreement of Stipulation filed with the Clerk of this Court on May 17, 2001, the parties stipulated that for purposes of the instant motion to transfer venue, NCMEC published Rutledge's allegations against Sponaugle in Fairfax County, Virginia.

## II. *Analysis*

As there is no preferred venue for this action pursuant to Virginia Code § 8.01-261, Virginia's permissible venue statute, Virginia Code § 8.01-262, governs. Section 8.01-262 states, in relevant part, as follows:

In any actions to which this chapter applies except those actions enumerated in Category A [pursuant to § 8.01-261] where preferred venue is specified, one or more of *the following counties or cities shall be permissible forums*, such forums being sometimes referred to as "Category B" in this title:

1. Wherein the defendant resides or has his principal place of employment. . . .
3. Wherein the defendant regularly conducts affairs or business activity. . . .
4. *Wherein the cause of action, or any part thereof, arose.* . . .

Va. Code Ann. § 8.01-262 (emphasis added); see also *Faison v. Hudson*, 243 Va. 413, 416-17 (1992).

Rutledge asserts that none of the categories of permissible venue apply to her as she lives and works in James City County and any alleged tortious acts by her occurred in that county. Sponaugle responds that his cause of action for defamation arose, at least in part, in Fairfax County as he was a resident of Fairfax County at all relevant times and NCMEC's republication of Rutledge's defamatory allegations occurred in Fairfax County.[2] Sponaugle argues that this republication constitutes a separate cause of action for which Rutledge would be liable. The court agrees with Sponaugle.

In *Weaver v. Beneficial Finance Co.*, 199 Va. 196 (1957), the Supreme Court of Virginia addressed the effect of a republication of a defamatory statement in the context of a trial court's dismissal of a defamation action on statute of limitation grounds. In *Weaver*, the statute had clearly run on a claim arising from the original publication but had not on a claim based upon the subsequent republication of the alleged defamatory statement. In reversing the trial court, the Supreme Court held as follows:

> It is settled that the author or originator of a defamation is liable for a republication or repetition thereof by third persons, provided it is the natural and probable consequence of his act, or he has presumptively or actually authorized or directed its republication. This is based upon the principle that such republication constitutes a new cause of action against the original author.

*Id.* at 199 (emphasis supplied); see also *Watt v. McKelvie*, 219 Va. 645, 649 (1978).

In paragraph 29 of his Motion for Judgment, Sponaugle alleges that both the original charges made to NCMEC and their "subsequent publication by all defendants" were defamatory. The republication by NCMEC in Fairfax County was the "natural and probable consequence" of Rutledge's initial publication to NCMEC. Indeed, one can reasonably assume that the original report to NCMEC was made for the purpose of assuring multiple publications to law enforcement agencies. As such, if the original report was defamatory, a separate cause arose against Rutledge when NCMEC republished the allegations in Fairfax County. As the cause of action, or any part thereof, arose

---

[2] As Sponaugle has not argued that the cause of action for intentional infliction of emotional distress necessarily arose in Fairfax County, where he allegedly suffered the emotional distress, the court will not address that potential basis for permissible venue.

6

in Fairfax County, venue is permissible here pursuant to Virginia Code § 8.01-262(4).

Rutledge further argues that as she lives approximately two and one half hours from Fairfax County, this jurisdiction is not a convenient forum and the court should therefore transfer this case to James City County pursuant to Virginia Code § 8.01-265(ii). However, in general, venue statutes afford a plaintiff the right to choose the forum in which to bring the suit. *Norfolk & W. Ry. v. Williams*, 239 Va. 390, 392 (1990). As the plaintiff lives in Fairfax County, a transfer to James City County would be equally inconvenient to him. Moreover, it would appear from the pleadings that many of the witnesses in this matter are located in Northern Virginia. As a result, Rutledge has failed to establish sufficient good cause to warrant a transfer of this case to her preferred venue.

Accordingly, Rutledge's Motion for a Transfer in Venue or in the Alternative Transfer to a More Convenient Forum is denied.