494

## CIRCUIT COURT OF FAIRFAX COUNTY

American Express
Centurion Bank

v.

Global Press, Inc., et al.

May 10, 2002

Case No. (Law) No. 202349

BY JUDGE JONATHAN C. THACHER

This matter first came before the Court on April 22, 2002, on Plaintiff's motion for default judgment. The case was initially filed in the Circuit Court of the City of Richmond, then transferred to Fairfax County Circuit Court on February 21, 2002. Plaintiff filed its motion for default judgment on April 10, 2002, and Defendants were served with notice of the motion for default judgment on April 9, 2002. The Defendants then filed their answers on April 16. Counsel for Defendants did not appear at the default hearing on April 19, 2002, and this Court entered the default Order on April 22, 2002. Defendants did appear at a Scheduling Conference held on April 23 and scheduled a motion to vacate the default judgment.

At the hearing to vacate the default judgment, Defendants argued that they received the motion for default judgment on April 11, 2002, but did not receive a praecipe indicating that the Plaintiff had placed the motion on the docket for April 19, 2002. Counsel states that, if he had known about the motion for default hearing, he would have appeared and argued that the Rules do not require a party to file a responsive pleading within twenty-one days of a transfer order. Furthermore, Defendant argued that no order in the file specified the date in which to file a responsive pleading. This Court then took the motion to vacate the default judgment under advisement.

In the Commonwealth, "when the court has entered its order overruling all motions, demurrers and other pleas filed by a defendant, such defendant shall,

unless he has already done so, file his grounds of defense within twenty-one days after entry of such order, or within such shorter or longer time as the court may prescribe. If he fails to do so, he is in default."[1] Rule 3:7, Rules of Virginia Supreme Court (2000). The Order transferring venue was entered on February 21, 2002. Defendants were required to file their grounds of defense within twenty-one days after entry of that Order pursuant to the Rules. See *id*. To require otherwise would prejudice the Plaintiff. Furthermore, the only circumstance in which an order must state the time in which a defendant must answer is where the plaintiff has been given leave to file a bill of particulars or amended motion for judgment. See *id*. Accordingly, the default judgment against Defendants was properly entered in this case,[2] and Defendants' motion to vacate that Order is denied.

---

[1] Defendants argued that they filed a responsive pleading when they filed the motion to transfer venue. The motion to transfer venue may be a responsive pleading. See *Hairston Motor Co. v. Newsome*, 253 Va. 129, 132, 480 S.E.2d 741 (1997) ("The defendants filed numerous responsive pleadings including substantially similar pleadings styled 'Objection to Venue and Motion to Transfer' ."); see also *Faison v. Hudson*, 243 Va. 413, 417, 417 S.E.2d 302 (1992) (quoting Va. Code Ann. § 8.01-264(A)). However, under the Rules, when that motion was resolved by Court Order, Defendant was obligated to file a "grounds of defense" within twenty-one days. See Rule 3:7.

[2] As noted at the hearing, Plaintiffs are under no obligation to notice Defendants of either the motion for default judgment or the hearing for default judgment. Accordingly, whether or not the Defendants received a praecipe noticing the default judgment hearing is irrelevant.