**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-1785**

STEPHEN F. BUZZELL; KIMBERLY B. BUZZELL,

             Plaintiffs - Appellants,

        v.

JP MORGAN CHASE BANK, as Trustee; RESIDENTIAL FUNDING
CORPORATION,

             Defendants - Appellees.

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond.   James R. Spencer, Senior
District Judge.  (3:13-cv-00668-JRS)

Submitted:  January 29, 2015        Decided:  March 10, 2015

Before NIEMEYER, SHEDD, and DUNCAN, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Stephen F. Buzzell and Kimberly B. Buzzell, Appellants Pro Se.
Daniel Tennyson Berger, Andrew Brian Pittman, TROUTMAN SANDERS,
LLP, Virginia Beach, Virginia; Nicholas Richard Klaiber,
TROUTMAN SANDERS, LLP, Richmond, Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Stephen F. and Kimberly B. Buzzell filed a complaint in the Circuit Court of Lancaster County, Virginia, against JP Morgan Chase Bank, N.A., and Residential Funding Corporation, alleging breach of contract and constructive fraud arising out of the foreclosure on the Buzzells' residence in 2008. JP Morgan and Residential Funding removed the action to the district court. Residential Funding filed a notice of bankruptcy and the action was stayed as to Residential Funding. The district court dismissed the action against JP Morgan as barred by res judicata, determining that a prior decision entered by the state court addressed the same claims against the same parties or their privies. Having determined that the state court order was not a final order, we vacate the district court's dismissal order and remand for further proceedings.

In a previous action filed in the Circuit Court of Lancaster County, the Buzzells alleged that GMAC Mortgage, LLC, Homecomings Financial, Mortgage Electronic Registration Systems, Inc., and Samuel I. White, P.C., engaged in fraud, misrepresentation and breach of fiduciary duty. The state court dismissed with prejudice the claims against all parties except for one claim against Samuel I. White, which is still pending.

"Under Virginia law, to establish res judicata, the defendants must show: (1) that the prior judgment is a final

2

and valid judgment; (2) that the parties are identical or are in privity with each other; and (3) that the claim made in the subsequent lawsuit arises out of or relates to the same occurrence, conduct, or transaction upon which the prior lawsuit was based." Columbia Gas Transmission, LLC v. David N. Martin Revocable Trust, 833 F. Supp. 2d 552, 558 (E.D. Va. 2011).

The district court explained that Virginia's "severable interest rule" allows for the immediate appeal of an interlocutory order that addresses a collateral issue, and appeal of which would not affect the outcome of the remaining issues in the case. Thompson ex rel. Thompson v. Skate Am., Inc., 540 S.E.2d 123, 126 (Va. 2001). Under this rule, an appeal may be taken from the interlocutory order "either at the time of its entry or when the trial court enters a final order disposing of the remainder of the case." Id. The district court reasoned that, because the state court's interlocutory order dismissing the claims against all parties except Samuel I. White, could have been appealed and was not, it should be deemed final. The court concluded, "where an interlocutory order is appealable under the severable interest rule, the order is final."

We disagree. "[A] judgment is not final for the purposes of res judicata or collateral estoppel when it is being appealed or when the time limits fixed for perfecting the appeal

3

have not expired." Faison v. Hudson, 417 S.E.2d 302, 305 (Va. 1992). Additionally, the Supreme Court of Virginia has stated that "in the absence of a statutory provision to the contrary, a judgment is not final for purposes of appeal if it is rendered with regard to some but not all of the parties involved in the case." Wells v. Whitaker, 151 S.E.2d 422, 432 (Va. 1966).

Here, the state court order determined by the district court to be a final order dismissed some claims against some of the parties. The action is still proceeding on the Buzzells' claim against Samuel I. White. Thus, the order is not a final order for res judicata purposes. See Faison, 417 S.E.2d at 305. Upon entry of judgment on the Buzzells' claim against Samuel I. White, they may appeal from the state court's earlier order dismissing the other parties from the action. Thus, the state court's prior order is not a final order for purposes of res judicata and does not preclude the Buzzells' present action against JP Morgan.

Because the district court mistakenly found that the state court's order was a final order for purposes of res judicata, we grant leave to proceed in forma pauperis, vacate the district court's order, and remand the case for future proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

4

before this court and argument would not aid the decisional process.

VACATED AND REMANDED