# CIRCUIT COURT OF THE CITY OF RICHMOND

William T. Traylor

v.

Christopher Ewell
and Superior Plumbing,
Heating & Air, Inc.

June 15, 2015

Case No. CL14-5492

By Judge Clarence N. Jenkins, Jr.

On June 11, 2015, the parties appeared, by counsel, before the Court on Defendants' Motion for Extension of Time for Filing Objection to Venue and Motion To Transfer.

Defendants argued Va. Code § 8.01-264 grants this Court the discretion to grant an extension of time for filing their objection to venue. Defendants cite the Virginia Supreme Court decision in *Faison v. Hudson* in support of their contention that Va. Code § 8.01-264 grants this Court the discretion to grant the requested extension. 243 Va. 413, 417 S.E.2d 302 (1992).

Plaintiff argued Va. Code § 8.01-264 grants no such discretion to this Court if the objection is filed outside of the twenty-one days and/or any other court ordered period of time for filing responsive pleadings. This Court agrees with Plaintiff.

Va. Code § 8.01-264(A), entitled "Venue improperly laid; objection," in pertinent part provides:

> Venue laid in forums other than those designated by this chapter shall be subject to objection, but no action shall be dismissed solely on the basis of venue if there be a forum in the Commonwealth where venue is proper. In actions where venue is subject to objection, the action may nevertheless be tried where it is commenced, and the venue irregularity shall be deemed to have been waived unless the defendant objects to venue by motion filed, as to actions in circuit courts, within twenty-one days after service of process commencing the

action, or within the period of any extension of time for filing responsive pleadings fixed by order of the court.

Therefore, a party objecting to venue must do so within twenty-one days of service of process or within the period of extension to file responsive pleadings fixed by this Court.

In the case at bar, Plaintiff served Defendants with his Complaint on January 8, 2015. Defendants filed their respective answers on January 27, 2015. Defendants filed their objection to venue on February 2, 2015. Importantly, this Court did not enter an extension of time to file responsive pleadings.

Thus, in this case, there is no dispute Defendants failed to file their objection to venue within twenty-one days of service. As such, the second option for filing an objection to venue pursuant to Va. Code § 8.01-264 is at issue. Therefore, the issue presented is whether this Court possesses the discretion to grant an extension of time to file an objection to venue when no extension of time to file responsive pleadings was granted as prescribed by Rule 3:8 of the Rules of the Supreme Court of Virginia.

Rule 3:8 requires a defendant to file pleadings in response within twenty-one days of service of the summons and complaint upon that defendant. It is well-settled that Rule 3:8 must be read in connection with Rule 1:9. *Herndon v. Wickham*, 198 Va. 824, 97 S.E.2d 5 (1957) (decided under prior rule).

Rule 1:9, entitled "Discretion of Court," in pertinent part provides:

> The time allowed for filing pleadings may be extended by the court in its discretion and such extension may be granted although the time fixed already has expired; *but the time fixed for the filing of a motion challenging the venue shall in no case be extended except to the extent permitted by § 8.01-264.*

(Emphasis added.)

Therefore, this Court finds under Rule 1:9 and Va. Code § 8.01-264 it is without the discretion to grant an extension of time to file an objection to venue once the twenty-one days and/or the period of any extension of time for filing responsive pleadings fixed by order of the court has elapsed.

Notably, this Court finds the discretion contemplated in *Faison* is limited to the decision to transfer venue pursuant to a timely objection. 243 Va. 413, 418, 417 S.E.2d 302 (1992).

Therefore, this Court denies Defendants' Motion for Extension of Time for Filing Objection to Venue and Motion To Transfer.